Probasco *v.* Probasco.

*v.*

ALEXANDER PROBASCO, JR., and others.

An attachment for violating an injunction granted on a bill to set aside a transfer of defendant's property, alleged to have been made by duress, refused, the proof not being satisfactory that the mortgage, which the defendant had collected, was included in the transfer.

---

Bill for relief. On order to show cause why the defendant, Alexander Probasco, Jr., should not be attached for contempt, for a violation of the injunction.

*Mr. R. S. Kuhl* and *Mr. J. N. Voorhees*, for the motion.

*Mr. G. A. Allen, contra.*

THE CHANCELLOR.

The motion for an attachment is made upon two grounds: one, the collection of rents of the real estate, and the other, the collection of the principal and interest of a bond given in June, 1873, by William E. Hoffman to Alexander Probasco, Sr., for $2,000 and interest. The suit is brought to set aside two instruments of writing signed by the complainant, by one of which he transferred to his children, of whom the defendant, Alexander Probasco, Jr., is one, all his real

Probasco *v.* Probasco.

estate subject to certain payments, and by the·other he transferred to them all his personal property.

As far as the collection of the rents of the real estate is concerned, the motion is not pressed, it appearing that the acts complained of were done under an arrangement entered into before the court, pending an application for a receiver in the case, by which the solicitor of the defendants was, for the protection of all parties, to collect and hold the rents until the further order of the court.

As to the collection of the money secured by the Hoffman mortgage : In proceedings for contempt for the breach of an injunction, the court will not punish unless the guilt of the defendant be clearly established. *Magennis* v. *Parkhurst*, 3 *Gr. Ch.* 433. While, in the case in hand, the injunction is in its terms broad enough to cover the act complained of, provided the bond and mortgage were the property of the complainant, and were of the securities which were taken from his possession, as alleged in the bill, it not only does not appear that the complainant ever had them in his possession, but it appears affirmatively that they were always in the possession of his son Alexander. Again, it appears that the mortgagor and the lawyer by whom the bond and mortgage were drawn, understood that the obligee and mortgagee, Alexander Probasco, therein named, was Alexander Probasco, Jr., and that the loan which those instruments were made to secure, was made by him. A note for $500, of the same date as the mortgage and purporting to have been given by Alexander Probasco, Jr., to his father, is produced, and there is evidence that the money for which it was given was borrowed from the complainant by Alexander to enable the latter to make up the amount of the loan to Hoffman, and the proof is that that note was paid. The complainant's testimony on the subject is by no means trustworthy, because of his want of recollection. He says that his memory is almost gone, but even he testifies that Alexander lent part of the money secured by the bond and mortgage. It is unnecessary to speak further of the evi-

Probasco *v.* Probasco.

dence.   It is enough to say that it does not appear that the bond and mortgage were ever the property of the complainant.

The motion for an attachment is denied, with costs.